IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-01344-PSF-CBS

DAVID K. JENNER,

    Plaintiff,

v.

JOHN BLOOR;
LANNEY D. SHELLEY;
JOSEPH ORTIZ;
P. GABRIEL;
KATHIE HOLST; and
JULIE RUSSELL,

    Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court on the following motions: Plaintiff's Motion for Class Certification and to Amend Complaint (Dkt. # 12), filed November 5, 2003; Plaintiff's Motion to Appoint Counsel (Dkt. # 13), filed November 5, 2003; Defendants' Motion to Dismiss (Dkt. # 14), filed November 13, 2003; Plaintiff's Motion to Stay (Dkt. # 16), filed November 19, 2003; Defendants' Motion for Order Regarding Amended Complaint (Dkt. # 17), filed November 20, 2003; and Plaintiff's Motion for Ruling (Dkt. # 21), filed November 2, 2006. The Court held a hearing in this matter on Thursday, December 14, 2006. Plaintiff, who is incarcerated, was not able to participate at this hearing due to a coordinating error by the Court. A copy of the transcript from this hearing shall be provided to plaintiff.

## I. BACKGROUND

Plaintiff David K. Jenner is a prisoner incarcerated at the Colorado Department of Corrections ("DOC") Limon Correctional Facility. Defendant John Bloor is a doctor with DOC, and Defendant Lanney D. Shelley is a supervisor with DOC. Mr. Jenner alleges that he was twice retaliated against for having accessed the DOC grievance system and this Court. Pl.'s Compl. at 3. The first instance involved an alleged physical assault by Dr. Bloor, who plaintiff claims stabbed him five to six times while plaintiff was under anesthetic for a medical procedure. The second instance involved plaintiff's being denied for a job in the Limon Facility's law library, for which he claims he was qualified. Ultimately plaintiff claims that his legal material was "shaken down in order that he could be written up for being in possession of any other inmate's legal work and thus 'legitimately' denied the job." *Id.*

## II. PLAINTIFF'S MOTION FOR CERTIFICATION OF CLASS ON AMENDED/ ADDITIONAL CLAIM NO. 3 & TENDERED AMENDED COMPLAINT (Dkt. # 12)

Mr. Jenner filed an Amended Complaint on November 5, 2003, seeking to add as defendants Joseph Ortiz, Executive Director of DOC, and P. Gabriel, Mailroom Correctional Director at Limon Correctional Facility. Plaintiff also sought to add two additional claims. Mr. Jenner describes claim three as a challenge to a Colorado Court of Appeals decision, *Green v. Nadeau*, 70 P.3d 574 (Colo. App. 2003), which plaintiff describes as holding that DOC inmates "have no procedural due process protections or entitlement to access to the Colorado D.O.C. grievance system, and that failure to supply an inmate with a grievance did not prevent or impede an inmate's access to the

courts." Pl.'s Am. Compl. at 3.  Mr. Jenner claims that this decision is an infringement upon his due process rights and First Amendment right to access to courts.  Because Mr. Ortiz "is charged with applying all statutes and[/]or case decisions decided by the Colorado Courts to all inmates," plaintiff is "in danger of being denied a grievance upon request due to Defendant's statutory charge to enforce Colorado Court's decisions."  *Id*.

Mr. Jenner also seeks to add a fourth claim against Ms. Gabriel and Mr. Ortiz involving "a First Amendment right to freedom of communication via the United States mail."  *Id*. at 4.  Specifically he challenges the rejection of newspaper and magazine clippings that were rejected when sent to him at the Limon Facility.  He contends that Ms. Gabriel rejected his clipping as retaliation against the sender, who had made comments about the mailroom staff.  He also challenges a regulation later issued by Mr. Ortiz that only one clipping per letter would be allowed, as violating the First Amendment and without legitimate penological purpose.

Mr. Jenner's amended complaint has been filed before a responsive pleading and thus may file it without leave of the Court pursuant to F.R.Civ.P. 15(a).  Therefore Mr. Jenner's complaint is amended to include claims three and four and Defendants Ortiz and Gabriel.

Mr. Jenner also filed a Second Submission of Supplemental Claims on August 12, 2004 (no Dkt. # assigned), seeking to supplement his original complaint and add an additional claim of retaliation and two additional defendants.  Specifically, he seeks to add Kathie Holst and Julie Russell of the DOC Legal Access Department, claiming that they retaliated against him in violation of his First and Fourteenth Amendment rights.

Such events took place after the filing of his original complaint. Pursuant to F.R.Civ.P. 15(d), a court may allow a party "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The Court so allows, and accepts Mr. Jenner's Second Submission of Supplemental Claims to include the fifth claim against Ms. Holst and Ms. Russell.

In conjunction with Mr. Jenner's Amended Complaint, Mr. Jenner filed a Motion for Certification of Class Status on Additional Claim Three. Class certification is governed by F.R.Civ.P. 23, which sets as prerequisites for class certification numerosity, commonality, typicality and adequacy of representation. *See Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004), *cert. denied*, 544 U.S. 978 (2005). A party seeking to certify a class bears the "strict" burden of proving that all these Rule 23 requirements have been met. *See Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). Additionally, a district court must still engage in its own "rigorous analysis" of whether "the prerequisites of Rule 23(a) have been satisfied," *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982). Although the court "must accept the substantive allegations of the complaint as true, . . . it need not blindly rely on conclusory allegations which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints." *Shook*, 386 F.3d at 968 (internal citations and quotation marks omitted).

Here, plaintiff recites the requirements of Rule 23 but does not set forth any factual or legal basis for finding him to have claims typical of other class members or

finding him an adequate class representative for all purported class members.  This is especially true where he is proceeding *pro se* and his complaint includes individual allegations of retaliation against him by those in the Legal Access Department and those in the mail department.  Moreover, plaintiff is currently proceeding *pro se* and thus has not shown that such a class if certified could be adequately represented. *See e.g. Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988).  The Court finds that Mr. Jenner has not met his burden to prove that all Rule 23 requirements are met, and therefore DENIES plaintiff's motion for class certification as to claim three.

### III.  PLAINTIFF'S MOTION TO APPOINT COUNSEL (Dkt. # 13)

Mr. Jenner requests this Court to issue an order requiring the Clerk of the Court to assist him in obtaining counsel to represent him in this case.  Plaintiff notes that he is indigent and without sufficient funds, and all claims have merit.  At a minimum, he claims that additional claim three challenging the Colorado Court of Appeals case has merit.  Defendants have not responded to this motion.

There is no constitutional right to counsel in a civil case such as this.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).  However, pursuant to 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel."  A court in evaluating such a request should consider the merits of the claim, the nature of the factual issues raised, the ability to present the claims, and the complexity of the issues raised by the claims.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  The Court does not find that the complexity of the factual and

legal issues raised warrant the appointment of counsel, and plaintiff's motion to appoint counsel is DENIED.

## IV.  DEFENDANT'S MOTION TO DISMISS (Dkt. # 14)

Defendants' Motion to Dismiss addresses only to the originally submitted complaint.  Defendants seek dismissal of Mr. Jenner's two claims for relief pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim.  Because this Order allows the supplementation of additional claims and parties, the Court DENIES the motion to dismiss without prejudice.  Defendants shall refile a motion to dismiss or other responsive pleading to all claims within the appropriate time after service of the new defendants.

## V.  PLAINTIFF'S MOTION FOR STAY (Dkt. # 16)

Mr. Jenner requests that the Court stay the requirement that he respond to the motion to dismiss until defendants response to all claims raised, including the two additional proffered claims in plaintiff's motion to amend.  In light of the dismissal of the motion to dismiss with instruction to refile a motion or responsive pleading addressing all claims, plaintiff's motion for stay is DENIED as moot.

## VI.  DEFENDANT'S MOTION FOR ORDER RE: AMENDED COMPLAINT (Dkt. # 17)

Defendants request that the Court determine that the Amended Complaint supersedes the Original Complaint.  Because defendants have not filed an answer, only a motion to dismiss, they have not filed a responsive pleading; therefore plaintiff has the right to file an amended complaint without leave of court pursuant to F.R.Civ.P. 15(a).  Such a properly filed amended complaint supersedes the original and renders it

of no legal effect.  Defendants claim that because the amended complaint does not specifically adopt or incorporate the original complaint, the original complaint is now moot.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  However, under the Court's duty of construing *pro se* pleadings liberally pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such a strict application of a procedural rule is not warranted here where it appears that plaintiff's additional pleadings have been intended to supplement, not supercede, the original complaint.  The Court therefore DENIES defendants' motion for order to determine the original complaint superseded.

### VII. PLAINTIFF'S MOTION FOR RESOLUTION OF PENDING MOTIONS AND SCHEDULING PURSUANT TO F.R.CIV.P. 26(f) (Dkt. # 23)

Mr. Jenner filed the above-titled motion on November 2, 2005, noting that the motions had been pending for over two years and requesting the setting of a scheduling/discovery conference to allow the case to progress.  In light of the rulings in this Order, the motion is DENIED as moot.

### VIII. CONCLUSION

For the foregoing reasons, the Court hereby enters the following Order:

1. Plaintiff's Motion for Class Certification and to Amend Complaint (Dkt. # 12) is GRANTED in part and DENIED in part.  Plaintiff shall be allowed to amend his complaint to add the supplemental claims as to him individually filed November 5, 2003 and August 12, 2004.  Class certification is DENIED.

2. Plaintiff's Motion to Appoint Counsel (Dkt. # 13) is DENIED.

3. Defendants' Motion to Dismiss (Dkt. # 14) is DENIED.  Defendants shall file a motion or other responsive pleading addressing all claims within the appropriate time period following service on new defendants.

4. Plaintiff's Motion to Stay (Dkt. # 16) is DENIED.

5. Defendants' Motion for Order Re: Amended Complaint (Dkt. # 17) is DENIED.

6. Pl.'s Motion for Ruling (Dkt. # 21) is DENIED.

It is

FURTHER ORDERED that a transcript from the December 14, 2006 hearing shall be prepared and delivered to plaintiff at his address at the Limon Correctional Facility by December 29, 2006.

DATED: December 15, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge