IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-01344-MSK-CBS

DAVID K. JENNER,

        Plaintiff,

v.

JOHN BLOOR,
LANNEY D. SHELLEY,
JOSEPH ORTIZ,
P. GABRIEL,
JULIE RUSSELL, and
KATHIE HOLST,

        Defendants.

---

**OPINION AND ORDER DENYING MOTION FOR
RELIEF FROM ORDER OF DISMISSAL**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Relief

From Order of Dismissal **(# 60)**.

In mid-2007, the parties in this action reached a settlement, and on July 20, 2007, filed a

Stipulated Motion to Dismiss **(# 57)**. On July 31, 2007, Judge Figa entered on Order **(# 59)**

dismissing the case with prejudice.  The Stipulated Motion to Dismiss did not request that the

Court retain jurisdiction over the parties' settlement and Judge Figa's Order did not purport to

retain such jurisdiction.

On September 3, 2008, the Plaintiff filed the instant motion, alleging that the Defendants

had failed to comply with one of the settlement's terms.  Specifically, he alleged that, under the

settlement, the Defendants would modify their policies to ensure that "all legal materials, regardless of whose name was in the caption of said, would be allowed to be possessed by inmates."[1] Exhibits attached to the motion indicate that on June 12, 2008, the Associate Warden at the Limon Correction facility, where the Plaintiff is housed, implemented a directive to mail room employees "to allow offenders to receive case law or other legal documents via mail."[2] The Plaintiff contends that, at some point thereafter, the Associate Warden implemented a policy prohibiting inmates from possessing legal materials with another inmate's name in the caption.[3] The Plaintiff contends that the Defendants procured dismissal of the case by fraud, warranting relief from the order of dismissal under Fed. R. Civ. P. 60(b)(3). In the alternative, he alleges that relief is appropriate under Fed. R. Civ. P. 60(b)(6), in that "defendants . . . at any time may choose to force Mr. Jenner to relitigate issues which have already been settled."

------

[1]No settlement agreement between the parties appears in the record and the Plaintiff has not attached a copy to his motion. For purposes of this motion, the Court assumes that the settlement agreement's terms are as represented by the Plaintiff.

[2]The Associate Warden's directive was in response to a June 5, 2007 memo from Defendant Holst that recommended a change to a mail room policy in which "offenders [could not] receive case law or other legal documents when another offender's name appears in the caption." Defendant Holst's memo noted that "such documents are usually considered public records," and that inmates should be permitted to receive them.

[3]The Plaintiff supports this assertion by pointing to an August 2008 Offender Reading Material Evaluation & Appeal Form in which inmate Richard Chavez was notified that certain mail he had received – namely, "legal work for inmate Joshua Moore," had been "censored in [its] entirety]" because "inmates are not allowed to possess unpublished legal work belonging to another person." In addition, the Plaintiff supplies a July 2008 Notice of Charges issued to Richard Chavez, in which a corrections officer charged Mr. Chavez with "bartering and/or selling goods & commodities or services" based on inmate Benjamin Banks having been found in possession of "a four page court motion belonging to" Mr. Chavez. The Plaintiff does not supply any evidence that his own ability to possess legal materials bearing another inmate's name in the caption has been prohibited.

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Plaintiff's request for relief is without merit for several reasons. First, to the extent the Plaintiff's motion can be interpreted as a request that the Court enforce the terms of the parties' settlement agreement, the Court lacks jurisdiction to do so. Unless the Court's order of dismissal expressly reserves jurisdiction to enforce the terms of the parties' settlement, an alleged breach of a settlement agreement simply presents the opportunity for the offended party to bring an action in state court for breach of contract. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 281-82 (1994). The record here does not reflect that Judge Figa reserved jurisdiction to enforce the terms of the parties' settlement agreement, and thus, the Court lacks the jurisdiction to do so now.[4]

_____

[4]Even assuming the Court had such jurisdiction, it would find that the Plaintiff has failed to show a breach of the terms of the settlement on the record herein. As noted above, the precise terms of the settlement agreement are not part of the record. Assuming the Plaintiff's recitation of them is accurate, the mere fact that inmates Chavez and Banks were cited for being in possession of unspecified legal materials is not sufficient to show that the materials in question

Assuming that the Plaintiff instead seeks to have the order of dismissal held void based on alleged fraud on the Court by the Defendants under Fed. R. Civ. P. 60(b)(3), such a request is untimely. Fed. R. Civ. P. 60(c)(1) provides that a motion seeking relief from an order on the grounds of fraud must be brought "no more than a year after the entry of the judgment or order." here, the Plaintiff's motion is dated September 2, 2008, more than one year after entry of the dismissal order on July 31, 2007. Thus, the motion is denied as untimely.

Even assuming the motion was timely, the Court would find that the Plaintiff has failed to make a sufficient showing of fraud. For the reasons set forth in the footnote above, he has failed to show that the terms of the settlement agreement have actually been breached at all. Even assuming they have, the Plaintiff has not demonstrated that the Defendants procured the dismissal by fraud. Where a party promises to perform an act in the future, fraud arises only where the party making that promise lacks a present intention to perform the future act. *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1230-31 (10th Cir. 1999). Put differently, to show that the Defendants procured the dismissal by fraud, he would have to show that, at the time they entered into the settlement agreement in mid-2007, the Defendants lacked any intention to change the mail room policies. The record here indicates to the contrary – that shortly after the parties had reached the settlement, Defendant Holst recommended the modification of the mail room policies, and the Associate Warden adopted that recommendation and changed the policies. The

---

are the types of "public records" that the parties to this case intended that inmates would have access to. (That is, nothing in the record indicates that the documents in Mr. Chavez and Mr. Banks' possession were "public records," rather than, say, drafts of motions that these inmates were preparing to file.) In any event, in the absence of a showing that the Plaintiff himself has been deprived of access to materials covered by the settlement agreement, he lacks standing to assert that the agreement has been breached based on actions against other inmates.

fact that, at some point thereafter, the Defendants decided to rescind that policy change does not, of itself, demonstrate that they lacked a present intent to perform the terms of the settlement agreement in mid-2007. Thus, the Plaintiff has not shown that the dismissal was procured by fraud under Fed. R. Civ. P. 60(b)(3).

The Plaintiff's argument that relief is appropriate under Fed. R. Civ. P. 60(b)(6) is also without merit. The Plaintiff's reference to the Defendants "forc[ing] him to relitigate issues which have already been settled" is confusing. The dismissal order dismissed the Plaintiff's claims with prejudice. Thus, no suit based on the same factual allegations underlying the original Complaint may be brought, and there is no way in which the Plaintiff could be forced to "relitigate" those claims.[5] This is not to say that the Plaintiff is without a remedy. As set forth in *Kokkonen*, a settlement agreement is simply a contract, and to the extent that the Plaintiff alleges that the Defendants have breached their contract with him, he may commence an appropriate breach of contract suit in Colorado's state courts.

Accordingly, the Plaintiff's Motion for Relief from Order **(# 60)** is **DENIED**.

Dated this 11th day of September, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

---

[5]This Court expresses no opinion as to whether, in light of the prior dismissal, the Plaintiff could commence a new suit based on a <u>recent</u> denial of legal materials.